Good morning, Your Honors. My name is John Stolte. I represent the plaintiffs on behalf of their lawsuit for the CARES Act benefits that they believe were improperly denied to them. The cases have been fully briefed. Rather than get into a lot of the facts along the way and a lot of the various arguments, I'd like to highlight a few things for the court. Specifically, I'd like to start with the overarching premise that has been well laid case law from the United States Supreme Court, Goldberg v. Kelly. Unemployment benefits are, in fact, protected property interests. So various district courts have ruled on these CARES Act benefits. And they've decided by the appellants, doing the appellees and the appellants both. But you got Winters. You got Dickerson. You got Jackson. You got the Tennessee courts. And on the flip side, you have Hutchison, DA v. Hogan, Boling v. DeWine, and even Islam v. Cuomo. And there's another Arkansas case that was dealt with in the Winters case in January of 2023. Broadly, however, not many of them go to an in-depth statutory analysis of the CARES Act. The only ones that really do much of an in-depth statutory analysis are Winters and Islam v. Cuomo in the District of New York. The plaintiff's arguments premise on statutory analysis of the CARES Act statutes. Broadly, PUA, Pandemic Unemployment Assistance, provides for when unemployment benefits are completely exhausted. They also don't have a discretionary statutory section in them. Well, counsel, aren't all the programs we're talking about subject to 15 U.S.C. 9023 that any state which is party to an agreement may, upon providing 30 days written notice, terminate an agreement? That's only applicable to FPUC benefits, Your Honor. Are you sure it's not applicable to PUA? Your Honor, there's a statutory provision that points it back to PUA. I would love to see it. But as of right now, only the FPUC benefits of 9023 and the PEUC benefits of 9025 have that section. Rather, the PUA benefits don't mention that whatsoever. Now, the PUA benefits do talk about how there's an agreement between the states. But I think it falls back between the differences between these benefits and unemployment benefits. As many of the district courts have held, these are discretionary. They are supplemental. However, if you do a statutory analysis of these benefits, they are, in fact, replacing the unemployment benefits after they've been exhausted. They are mutually exclusive. Even if you look at the FPUC benefits, those are the only ones that mention that the persons are entitled to their full benefits as part of this. PEUC also mentions they need their regular compensation and the FPUC benefits. But in order to qualify for these, they have to have already exhausted the Unemployment Compensation Acts. So therefore, we believe that these are, in fact, protected property interests, which they're entitled to due process rights. Now, except for PUA, they all have the way the state can get out with 30 days notice, right? Yes, Your Honor. Okay. So doesn't that fall, and there's several circuit cases that say that if a state has discretionary authority over the bestowal or continuation of a government benefit, the recipients have no entitlement to them? Yes. There are many cases that say that. The argument of why there's no discretion, why there is a discretionary, why they have that discretion under the statute, but they do not have that discretion to take that interest without due process, Your Honor. At the end of the day, do... If Congress says they can be taken back with 30 days notice, it seems to me like from the moment you get them, that's a restriction on them, and they're not a property interest like the cases talk about. Well, procedural due process applies at all stat, is constitutional, Your Honor. And the state statutes of 17A, basically, throughout the CARES Act, they talk about how the state statutes in and of themselves are being used to implement these. You can see, even some of the sections, they only put them in so that they have their own appeals processes through the state statutes, Your Honor. The state statutes in and of themselves provide the procedural due process that is necessary, and it's within the statute that they are required to provide procedural due process before they're denied, Your Honor. So, yes, the discretionary function is, the discretion to pull out exists in PEUC and FPUC benefits. However, you have to provide due process of law for that. And in this case, all the people got was, hey, we're withdrawing from it, too bad, so sad. I mean, at the end of the day... I think you're putting the cart before the horse, though. I don't think there's a due process required unless there's a property right, and there's not a property right if it can be discretionarily taken away. I understand the argument, Your Honor. The problem is, I don't think that it's because it is, and that's the broad spectrum of why I mentioned in the beginning that these replaced the Unemployment Acts. I don't think that they are something that were not a protected property interest, even if they discretionarily could have been taken away. The point of procedural due process is to allow that decision to be put forward. What the plaintiffs want is to have them enact that due process. If after the due process happens, and hearings through the administrative agency happens, and it's found, hey, they had the discretion to do it otherwise, so that's fine. I mean, you're barred from arguing this, then that's appropriate to happen. But until that time, procedural due process has not been satisfied. Now, I've reserved three minutes for rebuttal. Usually I could have gone for another 25 minutes on this. Thank you. Thank you. Very well.  May it please the court. Good morning, your honors. This court should affirm the district court's order dismissing all of the plaintiff's claims. First, their request for injunctive relief is simply a repackaged claim for damages that is not permissible under Ex parte Young. Second, plaintiffs cannot show for the individual capacity 1983 claims that they had a clearly established property interest that gets around qualified immunity. That is especially true because every district court to address this issue has held that there is no property interest in CARES Act benefits. And finally, a plaintiff's state law claim is barred by sovereign immunity. They essentially concede as much in their reply brief. Well, counsel, please address, because it was the focus of the reply brief and you've not had an opportunity really to respond to it. But the focus of the reply brief, and we explored it a moment ago, are the PUA benefits. The other two, the opposing counsel says, has the state conjure it back with 30 days' notice to the federal government. But the other side says there's not such a withdrawal, I should call it, be nice, a withdrawal provision in the PUA. Is PUA different than the other two kinds of benefits? Certainly, your honor. As you mentioned, they raised that argument for the first time in the reply brief. It wasn't raised at all in the district court, wasn't raised in their opening brief, despite that being an essential component of the district court's decision that because all of them are discretionary, that there's no property interest. And they raised it for the first time in the reply brief. So thank you for giving me an opportunity to address it now. What their argument is getting at is that 9025 and 9023 have that explicit language that says states can opt out at any time. 9021 doesn't have that language, for reasons I can get into in a minute, but it doesn't have that language. What 9021 does say is that payments to states are conditioned upon there being a voluntary agreement in place. You look at 9021 over and over, it says conditioned on agreement with the states, agreement with the states. But it doesn't say what has to be in that agreement. So the issue of whether the state can back out is just a matter of what is in the state's agreement. And your honor, I'll just cut right to the chase. The state of Iowa's agreement with the Department of Labor says that the state can back out. Is it in the record? No, your honor, it wasn't litigated, however. Okay, the next thing, is it public record someplace? Like on the website of the Arkansas, in the wrong state, sorry about that. The Iowa Department of Labor. It is public record. So before plaintiffs filed their federal suit, they tried their luck in state court. And in response to, as part of our motion to dismiss, we filed the agreement in federal court. And so, just for the record, I'll give the court that docket number that you can take judicial notice of it. CVCV06238, it's docket 18, an attachment to that docket. And that reads, Iowa can opt out of the program upon 30 days notice. And that's Polk County District Court. But another reason, even setting aside what Iowa's agreement actually says that plaintiffs were aware of this whole time, is the DOL's guidance. So, in plaintiff's opening brief in this case, they cited the DOL's guidance, the unemployment program. Is this federal or state DOL? Help me. Excuse me, your honor, federal DOL. Okay, federal DOL, proceed. Yes, it's the DOL's guidance for what is supposed to be in PUA agreements. And so the DOL says, all PUA agreements have this language. Quote, termination of PUA agreement, either party upon 30 days written notice may terminate the PUA agreement. So we have Iowa's agreement says that Iowa can back out upon 30 days. The DOL says, all of our agreements have this language. And then finally, alternative precedent. So a recent case, Ireland versus United States, 101F4, 1338 at 1347. That's a 2024 federal circuit decision. And that addresses this issue head on. It says, no, PUA is discretionary. I believe it was the state of Texas in that case, could opt out at any time. And then finally, all of the state court cases addressing these issues either explicitly say that PUA can be opted out of or anytime, or just quote the state agreement, which says that PUA can be opted out of at any time. So you have the agreement that says that Iowa can opt out, DOL guidance explicitly referencing that, and every single court to address this issue has held that states can opt out of PUA agreements at any time. So therefore, PUA is exactly like the other three benefits, and that's what the district court found. If you look to the district court's citation for the proposition that each of these CARES Act benefits programs can be taken out of, withdrawn from on 30 days notice, the district court cites the fact that it's about the state having a voluntary agreement, and then there's several other regulations. I also want to clarify the payment process and why the injunction that plaintiffs seek is not permissible injunctive relief under Ex Parte Young. So how this CARES Act benefits programs works is it's not the federal government issuing Iowans a check. It's the state of Iowa paying out these benefits. If you look to 9023B1, 9025A2, it says state agency of the state will make payments. Then on the back end, the state gets reimbursed for those payments. So it's a check from the state of Iowa to an Iowan, and that matters for Ex Parte Young because while plaintiffs I think have decided that they're not going to actually ask for damages, just an injunction for the state of Iowa to enter into an agreement to write Iowans a check, the Supreme Court looks to the substance, not the form of relief, and so by asking this court to order the state of Iowa to issue checks to Iowans is indistinguishable from a suit asking for money damages. The fact that there's a federal reimbursement that's maybe guaranteed depending on if the DOL would perhaps accept the state of Iowa's rescission into agreement, that's uncertain. The DOL decision doesn't change the analysis. The University of California versus Doe case exactly dealt with that situation. A federal reimbursement doesn't affect 11th Amendment immunity. And then finally, the Paschall versus Jackson case, that's a Seventh Circuit decision cited in our brief, and that's exactly on point here. Paschall involved a federal benefits program that was 100% federally funded and paid out of a similar account. The Seventh Circuit held that sovereign immunity applies here, and it should in this case, too. Regarding the property interest, qualified immunity applies. They haven't cited a case that says that it's clearly established. And then finally, regarding plaintiff's state law claims, plaintiffs essentially concede that sovereign immunity bars those claims unless two exceptions apply. I think just reading the facts of those case shows why that this is not some type of exception to sovereign immunity. For example, Branch versus Smith was a voting case. And at footnote asterisk in that case, the plurality said, here, a federal court granted relief on the basis of federal law. Plaintiffs are asking this court to grant relief on the basis of state law. And then the Frueh versus Hawkins case involved a consent decree arising from a federal dispute. There's no consent decree in this case. Unless the court has any other questions, I'd ask the court to affirm the district court's judgment in this case. Thank you. Very well, thank you, Mr. Admeson. Mr. Stolze, you have almost three minutes in rebuttal. Can't give me another 10 seconds. I bet you carry over 10 seconds. I bet you I do.  Before I get back into the weeds, I do want to bring up a couple things to respond to my opposing counsel, Mr. Admeson. First up, in the original district court order, the discretion never came up in the district court order. Look at page 13 to page 14 on it. Discretion only became something that the plaintiffs had to reply to after the defendants re-brought it up, again, in their appellee's brief. Not every district court has not held that these benefits are not, in fact, property rights. Islam v. Cuomo, the District of New York case, actually has held that these are procedural, that these are, in fact, protected property interests. Did it rely on New York law? Say what? It was a New York case, wasn't it? Yes. Did they rely on New York law? No, especially, they went through the statutory analysis of the CARES Act. Did they go through New York law? Was New York law essential to their opinion? No, Your Honor, I believe that it was dealing with the New York Uber drivers and all those type of drivers. I don't believe, necessarily, that the New York really did go through and use New York law, but that was the process of it. However, I did want to address the Edelman analysis for prospective injunctive relief. At the end of the day, the Edelman court said, this is not day and night. There's gonna be a bit of a twilight portion where you have to make a decision whether this is retrospective injunctive relief or prospective injunctive relief. Obviously, the court in State Actual Bullying v. DeWine found that the prospective injunctive relief was allowed. What the defendants may not have found in their research is that the court in the District of Louisiana, Plaisance v. Louisiana, allowed the injunctive procedural due process injunctive relief claim to proceed. As they cited to it, I figured I'd bring that up. Nevertheless, the point of the matter is that we believe there's a 1983 cause of action. Even if you go into the ongoing violation portion, we believe a procedural due process case is established as an ongoing violation as long as it's premised on the fact that there's been no due process given and still has not had due process given. We believe that maintains an ongoing violation. And we cite to, and this was not in the briefing, but Driftless Area Land Conservancy v. Volk, 16F 4th 508-523, a Seventh Circuit case, that found that particular distinction of procedural due process versus substantive due process and that aspect. If there are no further questions, we appreciate the time. Thank you. Very well. We ask for your.